**UNITED STATES of America,**
**Appellee,**

v.

**Jesus HERNANDEZ, also known as**
**Chuly, Defendant–Appellant.**

No. 06–5155–cr.

United States Court of Appeals,
Second Circuit.[1]

April 2, 2008.

Monica J. Richards, Assistant United States Attorney, U.S. Attorney's Office, Buffalo, NY, (Terrance P. Flynn, United States Attorney, on the brief), for Appellee.

Glenn E. Murray, Buffalo, NY, for Appellant.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. PETER W. HALL, Circuit Judges, and Hon. LEONARD B. SAND, District Judge.*

## SUMMARY ORDER

Defendant Jesus Hernandez appeals from a judgment of conviction entered in the United States District Court for the Western District of New York (Arcara, J.) following a guilty plea to a single count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846. We assume the parties' familiarity with the underlying facts and procedural history of the case.

On appeal, Hernandez argues that the district court erred in denying his motion to withdraw the guilty plea. Hernandez argues that his plea should be withdrawn because it was not voluntary and because he is innocent of the offense. We find both arguments are without merit.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Rosen,* 409 F.3d 535, 546 (2d Cir.2005). A defendant

* The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

may withdraw a guilty plea after the court accepts the plea but before it imposes sentence if the defendant "can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d). There is no absolute right, however, to withdraw a guilty plea, and the defendant bears the burden of demonstrating that relief should be granted. *United States v. Hirsch,* 239 F.3d 221, 225 (2d Cir.2001).

The district court did not err in concluding that Hernandez's plea was knowing and voluntary. During the Rule 11 proceeding, at which Hernandez, under oath, responded to the court's questions, he acknowledged that no one had threatened or forced him to change his plea and that he was satisfied with his counsel's advice. The district court also adjourned the proceeding for one day to allow Hernandez additional time to consider his decision to plead guilty. Considering that statements made at a plea allocution carry a strong presumption of veracity, *see Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), and that a review of the record does not show any indication of undue influence, the district court was well within its discretion in finding that Hernandez's plea was voluntary.

Although since entering his guilty plea, Hernandez has asserted his innocence, a claim of innocence cannot be "wholly conclusory," but must be supported by evidence. *Hirsch,* 239 F.3d at 225. Moreover, "[a] defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *Id.* Hernandez's claim of innocence is not supported by any evidence, and it directly contravenes both his testimony at the Rule 11 proceeding and his statement to the court at the sentencing hearing, where he admitted his guilt.

Because Hernandez has failed to satisfy the burden of raising a "significant question about the voluntariness" of his guilty plea, *United States v. Torres,* 129 F.3d 710, 715 (2d Cir.1997), and has not made any showing of innocence, he has not shown a fair and just reason that the district court should have permitted him to withdraw the plea. Fed.R.Crim.P. 11(d). The district court did not exceed the bounds of its discretion in refusing to allow Hernandez to do so. We have considered all of Hernandez's other arguments and find them to be without merit. The judgment of the district court is AFFIRMED.